NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERNESTO CORRALES-JIMENEZ, AKA
Ernesto Corrales, AKA Jim Corrales,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70085

Agency No. A088-659-319

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022**
Seattle, Washington

Before: HAWKINS and FORREST, Circuit Judges, and RESTANI,*** Judge.

---

&ast;        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

&ast;&ast;&ast; The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Ernesto Corrales-Jimenez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. §1252. We dismiss in part and deny in part the petition for review.

Corrales-Jimenez did not dispute before the BIA the IJ's determination that his asylum application was time-barred. This contention thus has not been exhausted, and we lack jurisdiction to consider it. See Ardsi v. Holder, 659 F.3d 925, 928– 29 (9th Cir. 2011) (failure to exhaust a claim before the agency deprives this Court of jurisdiction to review the new argument). We do not consider any challenge to the agency's denial of CAT protection because this issue was not supported by argument in the opening brief. See Valasquez-Gaspar v. Barr, 976 F.3d 1062, 1065 (9th Cir. 2020).

Corrales-Jimenez claims that he is entitled to withholding of removal because he fears harm based on his membership in a particular social group of "young, English-speaking, Mexican men." The BIA correctly determined that this was not a cognizable social group because it did not meet the social distinction or particularity requirements. See Reyes v. Lynch, 842 F.3d 1125, 1131–32 (9th Cir. 2016).

To satisfy the social distinction requirement, petitioner must show evidence that "society in general perceives, considers, or recognizes persons sharing the particular characteristics to be a group." Id. at 1131 (quoting Matter of W-G-R-, 26 I. & N. Dec. 208, 217 (BIA 2014)). Corrales-Jimenez presented no evidence that Mexican society perceives "young, English-speaking, Mexican males" as a distinct group. See Reyes 842 F.3d at 1132 (holding that petitioner's proposed social group of "former members of the Mara 18 gang in El Salvador who have renounced their gang membership" was not cognizable because petitioner had not provided evidence that society considers people fitting this description as a distinct social group). Corrales-Jimenez also failed to establish that the putative group was sufficiently particular. See Matter of M-E-V-G-, 26 I. & N. Dec. 227, 237, 239 (BIA 2014).

To the extent that Corrales-Jimenez now argues that he is a member of a different particular social group from that addressed by the agency, this contention has not been exhausted and we lack jurisdiction to consider it. See Ardsi, 659 F.3d at 928–29 (9th Cir. 2011). Corrales-Jimenez is thus ineligible for withholding of removal based on membership in a particular social group.

Corrales-Jimenez also argues that he is entitled to cancellation of removal and that the IJ and BIA erred in determining that he did not establish that his removal would result in exceptional and extremely unusual hardship to his

3

qualifying relatives. We lack jurisdiction to review an IJ's discretionary determination that a petitioner did not demonstrate exceptional and extremely unusual hardship. See Romero-Torres v. Ashcroft, 327 F.3d 887, 891–92 (9th Cir. 2003); see also 8 U.S.C. § 1252(a)(2)(B)(i).

To the extent that Corrales-Jimenez further claims that the IJ violated his right to due process by preventing witnesses from testifying on his behalf and accepting an offer of proof in lieu of testimony, we reject this claim. We retain jurisdiction to review constitutional challenges, Martinez-Rosas v. Gonzalez, 424 F.3d 926, 930 (9th Cir. 2005), and we will reverse an agency's decision on due process grounds if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case," Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000), and petitioner shows "error and substantial prejudice." Lata v. INS, 204 F.3d 1241, 1246 (9th Cir. 2000) (quotation marks and citation omitted). Corrales-Jimenez, however, has not shown any prejudice resulting from the IJ's decision to accept an offer of proof in lieu of testimony, and his claim thus fails.

**PETITION DISMISSED IN PART, DENIED IN PART**.